IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Johnny Knox and Paula Knox, ) | |
| ) | C.A. No. 7:07-4020-HMH |
| Plaintiffs, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Joe Gibson's Autoworld, Inc. and ) | |
| John Doe Creditors, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Joe Gibson Autoworld, Inc.'s ("Defendant") motion to compel arbitration pursuant to 9 U.S.C. § 2 of the Federal Arbitration Act ("FAA") and stay the action. For the reasons set forth below, the court denies the Defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The case arises from Johnny and Paula Knox's ("Plaintiffs") attempt to purchase a vehicle from the Defendant. The Plaintiffs allege that on July 14, 2007, they purchased a vehicle from the Defendant and that the purchase was financed with a retail installment sales contract. (Compl. ¶ 4.) After the Plaintiffs took possession of the car, the Defendant denied credit based on the Plaintiffs' consumer report and requested that the Plaintiffs return the vehicle. (Id. ¶ 10, 13.) The Plaintiffs returned the vehicle to the Defendant on August 9, 2007. (Id. ¶ 13.) At some point during negotiations for purchase of the vehicle, the Plaintiffs and the Defendant executed an arbitration agreement ("Agreement"). The Agreement provides in pertinent part that

> [y]ou and dealer agree that any dispute or claim by you or dealer against the other . . . arising from or relating in any way to (a) the sale, purchase, lease, rental, assignment, financing, or insurance concerning the vehicle referenced herein-below, (b) any contracts, warranties, communications, representations, advertisements, promotions, credit applications or inquiries, loan agreements, financing, or insurance concerning the vehicle referenced herein-below, (c) the

> performance, quality, or condition of the vehicle referenced herein-below or any component parts, optional features, or add-ons, and/or (d) this Arbitration Agreement, including but not limited to any claims regarding the existence, applicability, or validity of this agreement or an[y] portion thereof, shall be resolved by binding arbitration. As used herein, the term "claim" is to be interpreted in its broadest sense and includes any claim or counterclaim regardless of whether founded in contract, tort, statutory or common law, equity, or otherwise and whether for money damages, penalties, exemplary or punitive damages, multiple damages, attorney's fees, or declaratory, injunctive, or equitable relief.

(Def.'s Reply Supp. Mot. Compel Arbitration Ex. 1 (Agreement).)

Based on the above allegations, on November 2, 2007, the Plaintiffs filed suit against the Defendants in the Spartanburg County Court of Common Pleas, asserting claims for negligent misrepresentation, fraud, violation of 15 U.S.C. § 1681, conversion, violation of S.C. Code Ann. §§ 56-15-30 and 40, and violation of South Carolina's Unfair Trade Practices Act, S.C. Code Ann. § 39-5-140 ("SCUTPA"). (Compl., generally.) The Plaintiffs claim that the Defendant did not return their down payment, that the Defendant led them to believe that the purchase was complete when it was not, and that neither the Defendant nor the anonymous creditors named as Defendants provided an adverse action notice required by 15 U.S.C. § 1681. (Id. 13, 15-19.) The Defendant removed the action to this court on December 14, 2007. On April 16, 2008, the Defendant filed the instant motion to compel arbitration. The Plaintiffs responded to the motion on April 24, 2008, and the Defendant replied on May 2, 2008.

## II. DISCUSSION OF LAW

The Defendant moves to compel arbitration. Section 2 of "[t]he [FAA] applies to contracts 'evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract.'" Long v. Silver, 248 F.3d 309, 315 (4th Cir. 2001) (quoting 9 U.S.C. § 2). "Under the Federal Arbitration Act, a party may demand a stay of federal

judicial proceedings pending exercise of a contractual right to have the subject matter of the federal action decided by arbitration, unless the party seeking arbitration is in default of that right." Microstrategy, Inc. v. Lauricia, 268 F.3d 244, 249 (4th Cir. 2001) (internal quotation marks omitted). In addition, the Supreme Court has announced a strong federal policy favoring arbitration. See Long, 248 F. 3d at 316 (citing Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). The FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Mem'l Hosp., 460 U.S. at 24-25. To that end, "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989). Thus, the court may not deny a party's request to arbitrate an issue "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Id.

"[A] federal court may consider only issues relating to the making and performance of the agreement to arbitrate." Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 (1967). "[F]ederal courts may not address the validity or enforceability of the contract as a whole." Ticknor v. Choice Hotel Int'l, Inc., 265 F.3d 931, 937 (9th Cir. 2001) (citing Prima Paint, 388 U.S. at 401).

Despite a federal policy favoring arbitration, "arbitration is a matter of contract law and is available only when the parties involved contractually agreed to arbitrate." Simpson v. MSA of

3

Myrtle Beach, Inc., 644 S.E.2d 663, 668 (S.C. 2007). Therefore, "a party may seek revocation of the contract under such grounds as exist at law or in equity, including fraud, duress, and unconscionability." Id. (internal quotation marks omitted). In deciding whether a party agreed to arbitrate a particular dispute, "the court should apply ordinary state-law principles that govern the formation of contracts." Johnson v. Circuit City Stores, 148 F.3d 373, 377 (4th Cir. 1998) (internal quotation marks omitted). The parties agree that South Carolina law governs the Agreement.

The Plaintiffs argue that the Agreement is unconscionable, rendering it unenforceable. Generally, "[u]nconscionability has . . . been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." Myrtle Beach Pipeline Corp. v. Emerson Elec. Co., 843 F. Supp. 1027, 1046 (D.S.C. 1993).

> Various factors guide the court in determining the unconscionability of excluding incidental and consequential damages, including (1) the nature of the injuries suffered by [plaintiff]; (2) whether [plaintiff] is a substantial business concern; (3) disparity in the parties' bargaining power; (4) the parties' relative sophistication; (5) whether there is an element of surprise in the exclusion; and (6) the conspicuousness of the clause.

Eaton Corp. v. Trane Carolina Plains, 350 F. Supp. 2d 699, 705 (D.S.C. 2004).

The Plaintiffs contend that the Agreement is unconscionable because it "precludes fundamental statutory and constitutional remedies." (Pls.' Mem. Opp'n Mot. Compel Arbitration 2.) Specifically, the Plaintiffs cite 15 U.S.C. § 1681 et seq., S.C. Code Ann. § 56-15-10 et seq., and SCUTPA. These statutes provide for recovery of costs and attorney's fees by the Plaintiffs in the event they prevail. In addition, SCUTPA provides for an award of treble damages and § 56-15-110 provides for an award of double the actual damages. Further,

4

SCUTPA and § 56-15-110 provide for additional relief such as punitive damages and equitable relief. Based on these statutory remedies, the Plaintiffs contend the Agreement impermissibly curtails these remedies and is unconscionable. The court agrees.

Based on a provision in the Agreement providing that "[t]he parties agree to bear the costs of arbitration equally, which costs shall be apportioned and awarded by the arbitrator at the time of his decision" and the complaint, the court finds the likelihood exists that the Plaintiffs could be denied full recovery otherwise available in the instant action should this case proceed to arbitration. (Defs.' Reply Supp. Mot. Compel Arbitration Ex. 1 (Agreement)); see Simpson, 644 S.E.2d at 671. In addition, the dealer's reservation of "any available self-help remedies (including but not limited to . . . resale) creates a situation in which the vehicle at issue could be resold "prior to an arbitrator's determination of the consumer's rights in the same vehicle." Id. at 672. In light of the South Carolina Supreme Court's admonition that adhesion contracts between a consumer and an automobile retailer requiring arbitration, such as the one at issue in the instant case, should be analyzed "with considerable skepticism," the court finds that the Agreement is unconscionable and unenforceable against the Plaintiffs. Id. at 670 (internal quotation marks omitted). Based on the foregoing, the Defendant's motion to compel arbitration is denied.

It is therefore

**ORDERED** that Defendant's motion to compel arbitration, docket number 19, is denied.

**IT IS SO ORDERED.**

                                                    s/Henry M. Herlong, Jr.
                                                    United States District Judge

Greenville, South Carolina
May 8, 2008